11-1574-ag
Lin-Zhen v. Holder

BIA
Hom, IJ
A088 793 414

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of February, two thousand twelve.

PRESENT:
ROGER J. MINER,
ROBERT A. KATZMANN,
BARRINGTON D. PARKER,
*Circuit Judges*.

_____

ZHEN LIN-ZHEN,
*Petitioner*,

v.                                              11-1574-ag
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
*Respondent*.

_____

FOR PETITIONER:        Farah Loftus, Law Office of Farah Loftus, Century City, CA.

FOR RESPONDENT:        Tony West, Assistant Attorney General; James A. Hunolt, Senior Litigation Counsel; Jesse Lloyd Busen, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Zhen Lin-Zhen, a native and citizen of the People's Republic of China, seeks review of a March 30, 2011, decision of the BIA affirming the August 11, 2009, decision of Immigration Judge ("IJ") Sandy K. Hom denying her application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Zhen Lin-Zhen*, No. A088 793 414(B.I.A. Mar. 30, 2011), aff'g No. A088 793 414(Immigr. Ct. N.Y. City Aug. 11, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, i.e., minus the arguments for denying relief that the BIA declined to consider. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B) (2006); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

In this case, substantial evidence supports the agency's determination that Lin-Zhen did not testify credibly regarding her claim that she had been persecuted in China on the basis of her Christian beliefs. The IJ reasonably relied on inconsistencies in the record. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (2006); *see also Xiu Xia Lin*, 534 F.3d at 163-64, 166-67. Lin-Zhen testified that, after she was arrested and beaten by police officers in October 2006, she sent her mother to obtain medicine to treat her injuries because she was afraid to seek treatment herself. As the agency found, this testimony was inconsistent with the medical records she provided in support of her application, which reflected that Lin-Zhen had been examined by a physician who observed that Lin-Zhen was swollen all over her body and indicated that Lin-Zhen had said that she had been beaten. When confronted with this inconsistency, Lin-Zhen failed to offer a plausible explanation, but rather, as the IJ noted, merely reiterated portions of her prior testimony. The IJ reasonably declined to credit that explanation, particularly in light of the fact that the medical records suggested that Lin-Zhen had, herself, sought treatment and been examined at the medical center. *See Majidi v. Gonzales*, 430 F.3d 77, 80-

3

81 (2d Cir. 2005)(finding that an agency need not credit an applicant's explanations unless those explanations would compel a reasonable fact-finder to do so).

Further, the IJ reasonably gave limited evidentiary weight to the letters Lin-Zhen submitted in support of her application. That determination is entitled to deference and nothing in the record compels the conclusion that the IJ erred, as neither letter was sworn, and Lin-Zhen had no first-hand knowledge regarding how her mother had obtained the letter from her friend in Spain. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006). Finally, because Lin-Zhen did not testify credibly regarding her past persecution, she is not entitled to the presumption that she faces future persecution in China. *See* 8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1) (2001).

Accordingly, given the inconsistencies in the record, the agency reasonably denied Lin-Zhen's application for asylum. Because Lin-Zhen's claims for withholding of removal and CAT relief are based on the same factual predicate as her asylum claim, we find that the agency reasonably denied those claims as well. *See* 8 C.F.R. § 1208.13(b)(2)(iii); 8 C.F.R. § 1208.16(b)(2)(i) (2001); *see also Paul v. Gonzales*, 444 F.3d 148, 155-56 (2d Cir. 2006).

4

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk